Filed 6/18/26  P. v. Avina CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085383 |
| Plaintiff and Respondent, | (Super. Ct. No. FWV1501597) |
| v. | |
| DAVID ERNESTO AVINA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Joseph B. Widman, Judge.  Affirmed.

Steven Samuel Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

David Ernesto Avina pleaded no contest to attempted murder (Pen. Code,[1] § 664/187, subd. (a); count 3), admitted a gang enhancement (§ 186.22, subd. (b)(1)(C)) and admitted a gang principal personally used and discharged a firearm (§ 12022.53, subd. (b), (c)(e)). As agreed, he was sentenced to 24 years, to run concurrently with a 50-year-to-life sentence he was already serving for another murder.[2]

Appellate counsel filed a brief presenting no argument for reversal but inviting this court to review the record for error under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). We offered Avina the opportunity to file his own brief on appeal, but he has not done so. Having independently reviewed the entire record for error as required by *Anders* and *Wende*, we affirm.

FACTUAL AND PROCEDURAL SUMMARY

Two shootings occurred on April 19, 2015, and one on April 26, 2015. The second and third shootings resulted in the deaths of the victims. Spent .223-caliber cartridges were found at all three crime scenes. Witnesses, surveillance video, and crime scene evidence led investigators to conclude that the shooters drove a 2007 or 2008 black Lexus IS250 four-door sedan, with a sunroof, bumper damage, and missing a piece of its chrome window trim.

On April 30, 2015, officers responded to a vehicle matching the description of the Lexus. Avina, the driver and registered owner of the Lexus, led officers on a high-speed chase before pulling into a gas station and

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Avina was convicted after jury trial of the April 26, 2015 murder of Guy Estrada, in Case No. FWV17000793.

2

surrendering. Because the Lexus matched the description of the vehicle used in the homicides, officers already planned to seize and tow the vehicle for evidence.

Officers removed Avina and a front passenger from the Lexus. Through the open car door, an officer observed a handgun on the passenger side floorboard. Another officer opened the trunk to ensure nobody was inside the trunk. Officers saw a rifle case inside the trunk. They opened the case and found a .223-caliber assault rifle inside and a magazine with .223-caliber bullets.

Avina moved to suppress the handgun, the .223-caliber rifle and the .223-caliber magazine. The court denied the motion after an evidentiary hearing, finding that the search was reasonable under the automobile exception and the inevitable discovery doctrine.

## DISCUSSION

Appellate counsel filed a *Wende* brief asking the court to review the record for error. To assist the court in its review and in compliance with *Anders*, counsel identified the following possible issues that were considered in evaluating the potential merits of this appeal:

1) Whether the trial court erred in finding the automobile exception to the warrant requirement permitted the officers' search of the trunk.

2) Whether the trial court erred in finding the inventory search and inevitable discovery exceptions to the warrant requirement permitted the officers' search of the trunk.

We have reviewed the entire record as required by *Wende* and *Anders* and have considered the possible issues identified by Avina's counsel. We found no reasonably arguable issues supporting a reversal.

Competent counsel has represented Avina in this appeal.

## DISPOSITION

The judgment is affirmed.

O'ROURKE, Acting P. J.

WE CONCUR:

DATO, J.

RUBIN, J.

4